UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *Cezmi Kardas v. Astas Holdings A.S.*<br>DOJ Reference No. 189-25-19-38<br>REQUEST FROM TURKISH COURT FOR INFORMATION FROM GOOGLE, INC. | Case No. 19-mc-80174-VKD<br>**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE EX PARTE APPLICATION UNDER 28 U.S.C. § 1782**<br>Re: Dkt. No. 1 |

The United States, on behalf of the 2nd Civil Court for Intellectual and Industrial Property Rights of Istanbul, Turkey ("the Turkish Court"), has filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena on Google, Inc. for certain information relating to video images posted on Google's YouTube platform. Dkt. No. 2 at 1; Dkt. No. 3, Ex. A at 8.

The Court grants the application in part and denies it in part without prejudice, subject to the requirements set forth below.

I.  **BACKGROUND**

According to the application, the Turkish Court requests the United States' assistance in obtaining information about the subject video and YouTube account holder, the internet protocol ("IP") number(s) for the computer(s) used in connection with the video, as well as the original video itself, for use in an intellectual property dispute, *Cezmi Kardaş v. Astaş Holding A.Ş.* Dkt. No. 3, Ex. A at 8; Dkt. No. 8-1 at ECF 4. The United States asks the Court to appoint Assistant United States Attorney Claire T. Cormier as Commissioner to serve a subpoena for the evidence

sought by the Turkish Court and to collect evidence in response to the subpoena.[1] Dkt. No. 1; Dkt. No. 2 at 3; Dkt. No. 4 ¶ 5.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Id.* at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Intel*, 542 U.S. at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Intel*, 542 U.S. at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example

---

[1] The government's request is ambiguous. The application requests an order authorizing Ms. Cormier to execute the subpoena and collect evidence, but the memorandum says that the United States and Google have agreed that Google will provide the evidence directly to the Turkish Embassy.

to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

**III. DISCUSSION**

**A. Statutory Requirements**

The United States' application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Google, which has its principal place of business in this district. Second, the United States requests this discovery for use in a civil action pending before a court in the Republic of Turkey.[2] Third, the United States makes the application on behalf of the

---

[2] There is no indication on the record presented that the proceeding for which the discovery is sought has been concluded. *See Khrapunov v. Prosyankin*, — F.3d —, 2019 WL 3311231 at *3 (9th Cir., July 24, 2019).

3

Turkish Court, the foreign tribunal before which the civil action is pending.

**B.  *Intel* Factors**

Even if the Court has the authority to grant the application, the Court is not required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

**1.  Participation of Target in the Foreign Proceeding**

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

The United States' application does not address this factor directly. However, it appears from the application that Google is not a party to the civil action before the Turkish Court, and the documents sought by subpoena are located in the United States. Dkt. No. 2 at 1, 3. The Court infers that the Turkish Court would not seek the assistance of the United States in obtaining these documents if the documents were within the reach of the Turkish Court's jurisdiction. While it appears that the person or entity who is alleged to have posted the video images at issue in the civil action is a party to that proceeding, the subpoena appears to seek at least some information that may not be in that party's possession, custody, or control. Dkt. No. 3, Ex. A; Dkt. No. 8-1. In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. This factor weighs in favor of authorizing service of the subpoena.

**2.  Receptivity of Foreign Tribunal to U.S. Judicial Assistance**

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4.

Here, the United States represents that the Turkish Court has requested its assistance in obtaining this discovery. *See* Dkt. No. 2 at 1. This factor weighs in favor of authorizing service of the subpoena.

### 3. **Circumvention of Proof-Gathering Restrictions**

Under this factor, the Court considers whether the request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265.

The United States' application does not address this factor directly. However, the Court assumes that the Turkish Court would not request this discovery if it were contrary to the proof-gathering restrictions or other policies of Turkey to do so. This factor weighs in favor of authorizing service of the subpoena.

### 4. **Unduly Burdensome or Intrusive Discovery**

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

The United States' application also fails to address this factor. The proposed subpoena to Google includes the following requests for documents and information:

> 1. Account holder relating to the links: https://www.youtube.com/watchv=0WO7HaZEvil or https://www.youtube.com/watch?v=0WO7HaZEyil or associated with the attached screenshots
>
> 2. IP number of the computer that created the related YouTube account
>
> 3. IP number of the computer where the YouTube video was installed
>
> 4. IP number of the computer that deleted the YouTube video
>
> 5. The original YouTube video previously found at the above link
>
> 6. Upload and delete dates of the video previously found at the above link

Dkt. No. 8-1 at ECF 4. The United States represents that Google does not object to entry of the proposed order accompanying the application, but that Google likely will object to requests that

seek actual content. Dkt. No. 3 ¶ 3; *see*, *e.g.*, *Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, No. C 12-80242 EJD (PSG), 2013 WL 256771, at *2–3 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of Stored Communications Act, 18 U.S.C. § 2701 *et seq.*). Having reviewed the categories of documents and information sought by the proposed subpoena, for the most part the Court has no reason to expect that the subpoena seeks discovery that would be "unduly intrusive or burdensome" for Google or for any person who is interested in Google's disclosure of the requested information. However, the request to serve a subpoena that includes Item No. 5 for "[t]he original YouTube video previously found at the above link" is denied without prejudice, subject to a showing by the United States that such disclosure is not prohibited by the Stored Communications Act, 18 U.S.C. § 2702.

The United States proposes to require Google to "provide notice of the subpoena to the relevant users of the subject YouTube accounts and afford them the opportunity to file an objection or motion to quash." Dkt. No. 2 at 3. Such notice is appropriate, as such account holders are likely to have an interest in the information that is subject to the subpoena.

With the exception of proposed Item No. 5, this factor weighs in favor of authorizing service of the subpoena, with appropriate notice to other interested parties.

## IV. CONCLUSION

The United States' application on behalf of the Turkish Court meets the statutory criteria for an order authorizing service of the proposed subpoena. In addition, the factors that inform the Court's exercise of its discretion under *Intel* also favor authorizing service of the proposed subpoena, with the exception of proposed Item No. 5

Accordingly, the Court authorizes service of a revised version of the proposed subpoena on Google; the United States' request to serve a subpoena that includes proposed Item No. 5 is denied without prejudice. This order does not foreclose a motion to quash or to further modify the subpoena by Google following service, or any other interested party. The Court orders the United States and Google to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. The Court appoints AUSA Claire T. Cormier to serve a revised version of the proposed

subpoena on Google and to receive documents produced in response to the subpoena.

2. At the time of service of the subpoena, the United States must also serve a copy of this order on Google. The return date on the subpoena must be at least 35 calendar days from the date of service.

3. Within 7 calendar days of receipt of the subpoena and this order, Google shall provide copies of the subpoena and this order to any account holder or other relevant user of the account that posted the YouTube videos at issue, affected party, or other interested person.

4. Within 21 calendar days from the date of receipt of copies of the subpoena and this order, any interested person may file a motion in this Court contesting the subpoena (including a motion to quash or to modify the subpoena). Such motion shall be served on Google and the United States (to the attention of AUSA Claire T. Cormier).

**IT IS SO ORDERED.**

Dated: July 25, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge